**Carson Alvin JONES, # 106449,**
**Appellee,**

v.

**W. D. BLANKENSHIP, Superintendent, Bland Correctional Center, Appellant.**

**No. 78–6561.**

United States Court of Appeals, Fourth Circuit.

Argued June 5, 1979.

Decided July 12, 1979.

---

Jerry P. Slonaker, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellant.

David A. Melesco and Willard R. Finney, Rock Mount, Va., for appellee.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

BRYAN, Senior Circuit Judge:

On his petition, Carson Alvin Jones was granted habeas corpus by the District Court, September 5, 1978, directing his release from the custody of the Superintendent of the Bland Correctional Center, a Virginia penal institution. Jones' claim for release, upheld by the District Court, was bedded on the assertion that his conviction and commitment to the Center constituted a deprivation of the right guaranteed by the Fifth Amendment that "for the same offense . . . [he could not] be twice put in jeopardy of life and limb." A prior trial and conviction, he urges, collaterally barred the instant prosecution. The Superintendent appeals; we reverse.

In separate indictments Jones was charged with (1) the shotgun murder of one Sutphin in Franklin County, Virginia, and (2) with maliciously shooting Jeral Lee Gillespie, by the same blast, with intent to maim, disfigure, disable or kill him. Va. Code § 18.2–51 (1975) (previously codified as § 18.1–65). Under the indictment for the murder of Sutphin, Jones was convicted of involuntary manslaughter, thus *negating* a finding of *malice*, but only, of course, as it related to Sutphin's death. On a separate indictment, now before us, for the maiming of Jeral Lee Gillespie, Jones was convicted later of *malicious* wounding.

The Supreme Court of Virginia, in a comprehensive and critical recount of the circumstances of the two accusations, and with faultless logic, concluded that the Constitutional assurance against double jeopardy and the related doctrine of collateral estoppel do not prevent the second conviction. *Jones v. Commonwealth*, 217 Va. 231, 237, 228 S.E.2d 127, 131 (1976). Elaborating, it explained that the verdict in the first (the death) case did not "necessarily" decide the issue of intent presented in the second (the wounding) one. *Id.* at 233, 237, 228 S.E.2d at 129, 131. *United States v. Tramunti*, 500 F.2d 1334, 1346 (2d Cir.), *cert. denied*, 419 U.S. 1079, 95 S.Ct. 667, 42 L.Ed.2d 673 (1974). Further words from us would be but numbing repetition.[1]

---

1. The manslaughter conviction was reversed because of erroneous rulings on certain evidence by the trial court. Jones v. Commonwealth, 217 Va. 226, 228 S.E.2d 124 (1976). That decision has no effect upon the malicious wounding conviction under consideration here.

On the opinion of the Supreme Court of Virginia, 217 Va. 231, 228 S.E.2d 127, we reverse the judgment on appeal, and remand with directions that Jones be returned into the custody of the Superintendent of the Bland Correctional Center.

Reversed and Remanded.